IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Adrian Robinson, | ) | C/A No. 8:13-cv-03517-TMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 19.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on December 16, 2013.[1] [Doc. 1.] On April 30, 2014, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 18,19.] On May 1, 2014, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 20.] On May 14, 2014, Petitioner filed a response in opposition. [Doc. 22.]

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on December 16, 2013. [Doc. 1-3 (envelope stamped as received by the prison mail room on December 16, 2013).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Lee Correctional Institution pursuant to orders of commitment of the Laurens County Clerk of Court. [Doc. 1.] In December 2009, Petitioner was indicted for murder and possession of a weapon during the commission of a violent crime. [App. 90–91[2]; Doc. 18-3.] On June 22, 2010, represented by Michael W. Barcroft ("Barcroft"), Petitioner entered a guilty plea to the lesser included offense of voluntary manslaughter. [App. 1–16.] As part of the plea negotiations, the State agreed to dismiss the possession of a weapon during the commission of a violent crime charge. [App. 2.] Petitioner was sentenced to thirty years imprisonment, consistent with the plea negotiations. [App. 15.] No direct appeal was filed.

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on April 27, 2011. [App. 17–44.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> Ground #1: Applicant's case counsel failed to have him examined by a psychiatris[t] to determine what Applicant's mind stages was at the time he was involved in the incident(s).
>
> ***
>
> . . . Applicant was denied the rights to effective assistance from case counsel that is mandatory by 5th-6th and 14th Amend's.

[2]The Appendix can be found at Docket Entry Numbers 18-1 through 18-2.

2

of the U.S. Const. And guaranteed by the S.C. Const. Art's 1, §§§§ 3; 9; 11 and 14.

. . . Case Counsel was ineffective in every stages of the case and his assistances was unreasonable and prejudicial pursuant to case cite Strickland v. Washington, 466 U.S. 668 (1984); see Case Counsel was ineffective in and during his representations as the following but not limited to the acts an omissions:

1.   Case Counsel failed to get an examination by a psychiatric done on Applicant which did abridged his Fifth Amend. Rights.

2.   Case Counsel failed to investigate, examine, develop, and present all available evidence that are relevant to case and due to the Case Counsel failures to prepare case Applicant's sentence is unreliable and unfair.

3.   Case Counsel failed to present all necessary legal facts to the Court for a determination for juvenile waiver as a minor to an adult adjudication for charges as convicted for.

4.   Case Counsel was ineffective when he coerced Applicant to plead guilty to thirty (30) years when the plea deal was for not more than twelve (12) years based on the counsel own statements made to Applicant and family members that of which is case in facts made the based on the outcomes of the Applicant's Codefendants sentences imposed by the Court and the victim's prior records.

5.   Applicant's guilty plea was not voluntary and intelligently made due to the counsel failures to advise him of the nature of charge and his abilities of waiving his constitutional rights as he did not benefited from his waivers that must place him in the better positions to receive lesser punishments by the legal influences and the advised expectations, to a sentence in ranges of ten (10) to twelve (12) years.

Ground #2: Applicant's Case Counsel was ineffective when he did not conduct an investigation nor did Counsel represented the truth about when he stated that he had hired a private

3

investigator to investigate the case. Counsel failures resulted in the overlookings to the misstated facts in statements given in affidavits by the Deputies Witnesses and the Solicitor's Office Counsel, as this counsel was manipulated by the hand of the Solicitor Office Counsel didn't care about reaching out to find the truth that was relevant to case so that counsel could have articulated an objective reasonable strategy to avoid being ineffective assistance, and by the mandatory language in the ABA standards counsel must present to the case record that a minimum of adequate and accurate representation was given as required to the Defendant in his/her case, and here in case at bar counsel done no more than to conspire with the adverse component to get a plea of guilt to be done and nothing more.

*** 

Ground #3: Case Counsels for Applicant failures to conduct pre-hearing invest. to procure independent information for Applicant's juvenile transfer and waiver process and hearing from Family Court to the Court of General Sessions, as it being violative of his guaranteed rights of the S.C. Const. Art. I., §§ 3 and 14, pursuant to: S.C. Code Ann. § 20-7-740, "as amended," and U.S. Const. 6th and 14th Amend. Counsels failures placed a dispute to Applicant giving waivers of jurisdiction and in Applicant's case matter, as the hearing discloses. Applicant's statutory rights as a juvenile were critically important because the Juvenile Court is vested with the original and exclusive jurisdiction of minors, therefore, Applicant then minor of 16 and or 15 yrs. old was by statute entitled to certain procedures and benefits regardless of his race, social status and records had Counsels were knowled[gea]ble of S.C. laws for juveniles and were not engaged into unprofessional conducts it would have been validated that his statutory rights were enforceable by Counsel(s). Applicant's waivers does not measure up to the essentials of due process and fair treatments as it are accordingly to settled laws and mandates.

*** 

Ground #4: Applicant plead guilty to charges by Case Counsel advise and Applicant plead guilty expecting 12 years sentence but instead the Court imposed a 30 years sentence and it should not have because by Counsel own statements he

4

coordinated the 12 years plea deal with the Solicitor's Office as it being in the exchanged for my plea of guilt and reducted charge and based on the deceased vic. being the aggressor of the offense as well, had Applicant known that he was being deceived by his own Counsel he would not have plead guilty to no 30 years.    Counsel made the same convincing statements in regards to the 12 years plea to the Applicant's Mother and other family members whom was involved with his wellbeings.  Applicant also places to records that he received a 30 yrs. Sentence when it is evidence that the records shows co-defendants received sentences so lesser or no sentence at all.

*** 

Ground #5:  Applicant incorporates issue Four and Five having the legal authorities ground 4 to represent the allegation that are contended to giving all other inclusions to the unreliabilities of the unfulfilled agreements to plea, and the included legal authority as it is cited.

*** 

Ground #6:    Applicant Case Counsel was ineffective assistance when he did not exercise Applicant's rights to a preliminary hearing for the purposes of rebutting all misstated facts stated in the affidavits, and by Counsel failures it did made a misopportunity because Case Counsel is full aware of what a preliminary hearing serves to a Defendant, it gives Counsel for Applicant a chance to see the weakness of the Solicitor to present his/her case to the Grand Jury.    So therefore as Counsel have stated that preliminary hearing are for self-serving.

*** 

Ground #7:  Case Counsel actually kept the Conflicts indulged and Counsel had the supports of the Court and it left Applicant no resource to turn to other than the Counsel for Displinary Hon. Lesley M. Coggiola, now as was shown see motion filed to have Counsel relieved and have other counsel appointed. Applicant makes his claims by an evidence that only shows a type of fraud by Counsel, when the was paid to hire an investigator and as he stated that he did and by the records of the law firm he was showed other-wise constitutes an act of

5

fraud. Secondly, Counsel use the matter that Applicant was a juvenile to be less respectful and attentive to him in handling his Case, and third, Case Counsel is shown by the jailhouse telephone record to be ignoring Applicant even when it was attempted to make contacts with his office leaving Applicant to believe that the counsel had no interest in case and nore did counsel had the desires to explore as he should the case by all circumstances in the legal aspects; by Counsel doing an inducements to initiate conflicts in representing Applicant violated his Constitutional rights.

***

[*Id.*] On June 15, 2011, Petitioner amended his PCR application through counsel, Rodney Richey ("Richey"). [App. 45–48.] In the amendments, Petitioner asserted plea counsel was ineffective in the following ways:

1. My defense attorney failed to conscientiously discharge his professional responsibilities while he was handling my case.

2. My defense attorney failed to effectively challenge the arrest and seizure of Applicant.

3. My defense attorney failed to act as my diligent, conscientious advocate.

4. My defense attorney failed to give me his complete loyalty.

5. My defense attorney did not have my best interest in mind while he was supposed to be investigating and preparing my case.

6. My defense attorney failed to serve my cause in good faith.

7. My defense attorney neglected the necessary investigations and the preparation of my case.

8. My defense attorney did not do the necessary factual investigations on my behalf.

6

9.    My defense attorney did not do the necessary legal research.

10.    My defense attorney did not conscientiously gather any information to protect my rights.

11.    My defense attorney did not try to have my case settled in a matter that would have been to my best advantage.

12.    My defense attorney did not advise me of all my rights or take any of the actions that were necessary to protect preserve them; knowing that I was not versed in the law.

13.    My defense attorney, knowing I was illiterate in the law, never properly ascertained whether or not I actually understood or comprehended all of the issues that were involved in my case.

14.    My defense attorney never properly consulted with me or kept me informed with what was going on as far as my case was concerned.

15.    My defense attorney never explained to me or discussed with me any of the elements of the crime charged.

16.    My defense attorney never made any attempt to ascertain whether or not I actually knew what the elements of the crime charged were or whether or not I understood exactly what the term "criminal" element" actually meant.

17.    My defense attorney never explained to me or discussed with me how the elements of the crime charge and the evidence that the prosecution planned to introduce into evidence against me related to one another and did not discuss how the sentencing would be done especially as it related to the elements of the crime as in State V. Bovd.

18.    My defense attorney never informed me of any of the defenses that were available to me.

7

19.  My defense attorney never intended to offer any defense to the court on my behalf.

20.  My defense attorney never explained to me or discussed with me any kind of defense strategy.

21.  My defense attorney never explained to me or discussed with me any of the tactical choices that they either made or were planning to make.

22.  My defense attorney dictated to me exactly how my case was going to be handled and offered no alternative options.

23.  My defense attorney failed to properly acquaint themselves with the law and the facts surrounding my case and as a direct result of their intentional negligence, there was a very serious error in their assessment of both the law and the facts.

24.  Because of my defense attorney's gross neglect and his many legal errors no defense at all was put in issue for me during the Court proceedings.

25.  My defense attorney did not subject the prosecution's case to any adversarial testing.

26.  My defense attorney failed to oppose the prosecution's case with any adversarial litigation.

27.  My defense attorney failed to function as the government's adversary in any sense of the word.

28.  My defense attorney failed to pursue any of the legal recourse that were available to him.

29.  The attorney that represented me on this charge in Court failed to function as the counsel that the Constitution's Sixth Amendment Guarantees.

30.  My defense attorney failed to call alibi witnesses on my behalf which would have proven my innocence.

31.  My defense attorney failed to appeal my case after I was convicted when I wanted to appeal.

[*Id.*]  The State filed a return on August 19, 2011.  [App. 49–53.]

A hearing was held on November 18, 2011.  [App. 54–80.]  On December 9, 2011, the PCR court filed an order denying and dismissing the application with prejudice.  [App. 83–89; Doc. 18-4.]  A notice of appeal was timely filed and served.  [Doc. 18-5.]

On April 23, 2012, Susan B. Hackett ("Hackett") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson* petition[3] for writ of certiorari in the South Carolina Supreme Court.  [Doc. 18-6.]  The petition asserted the following as the sole issue presented:

> Did the PCR court err in finding plea counsel's failure to request a mental evaluation for his fifteen-year old client, who was charged with murder, was not ineffective assistance of counsel?

[*Id.* at 3.]  At the same time she filed the *Johnson* petition, Hackett submitted a petition to be relieved as counsel.  [*Id.* at 8.]  The court denied the petition and granted counsel's request to withdraw on April 5, 2013 [Doc. 18-9] and remitted the matter to the lower court on April 23, 2013 [Doc. 18-10].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on December 16, 2013.  [Doc. 1.]  Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

**GROUND ONE:**    Trial counsel was ineffective for failing to investigate Petitioner's case in which violates 6th Amendment Right of U.S. Constitution

---

[3]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.  *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

*Supporting facts*: Counsel failed to investigate case - failed to investigate case facts; failed to turn over complete Rule 5 discovery SCRCP; failed to get the correct scores of mental evalu[a]tion 70 or above; failed to produce a[n] agreement or a sentencing sheet of 30 years of a plea as a paid attorney - produce contract. Counsel was ineffective in all areas.

**GROUND TWO:** The toll time to file wasn't aware to Petitioner of habeas corpus.

*Supporting facts*: Petitioner wasn't aware of the toll time that 1 year to file the habeas corpus after the writ of certiorari was finalized. Antiterrorism and Effective Act of 1996, 28 U.S.C. § 2254(d) (2000) - 180 days placed on death penalty cases and a year on state.

**GROUND THREE:** The court lacked subject matter jurisdiction over

*Supporting facts*: The court lacked subject matter jurisdiction over entire case the indictment body wording lan[g]uage doesn't state time, type weapon, place of death, nor does the correct statu[t]e reflects § 16-3-10(a) murder.

**GROUND FOUR:** The court held poss. of firearm is not a felony.

*Supporting facts*: The court held that possession of a firearm during commission of a violent crime is not a felony enumerated, in S.C. Code § 20-7-430(5)

[Doc. 1 at 5–10 (citations omitted).] Additionally, Petitioner included an attachment raising the following claims:

(1) Under the AEDPA, petitioners have 1 year to file a petition for writ of habeas corpus. 28 U.S.C., §2244(d)(1). The limitations period runs from the latest of four dates.

(A) The date on which the judgment became final by the conclusion of direct reveiw[sic] or the expiration of the time for seeking such reveiw[sic];

(B) The date on which the impediment for filing an application created by state action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

(2) Supreme Court, and made retroactively applicable to cases on collateral reveiw[sic]; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For the above the disclosure of claims weren't until 12-13-13 and until then people warn me A person can't appeal a guilty plea. Until I came in contact with the above law or law; further no jurisdiction attach in this case as to time, place, dates, and type of weapon or the actual weapon that's not actually openable. According to reports fully, not independent investigation, if court don't through out these offenses for illegal evidence in entire case to be not reuse.

(3) § 17 one subject

Every act or resolution having the force of law shall relate to but one subject, and that shall be express in this title.

S.C. Const. Art. III § 17 requires that an act must relate to but one subject, with topics in the body of the act being kindred in nature and having a legitimate and natural association with the subject of the title and that the title of an act convey reasonable notice of the subject matter to the legislature and the public.

Not only is the 85% violating truth in sentencing and single subject clause, more than 1 topic discussed in Bill 3096.

When the law was changed to 85% and not 51% or 64% then the budget of a state prisoner had to rise to pay and to achieve money from government to live like federal prisoners. To deprive state prisoners of pools, pool tables, funds or extra events, bigger space in rooms, or etc., its

violation of 8th Amend. to U.S. Const. and state and federal laws – a person would now live here at SCDC and not a low bid or time but big time. The 85% constitutes more funding from U.S. government or other resources the living standard and food is to poorly.

(4) Pursuant to newly discovered evidence, Martinez v. Ryan, 132 S.C.T. 1309 (2012). Under Rule 60B SCRCP, newly discovered evidence, the petitioner raises that: The petitioner argues that the supreme court recent decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012), compels a remand to examine PCR counsel's failure to present arguments to court. 28 U.S.C. Sect. 2253(c)(1)(A) 28 U.S.C. Sect. 2253(c)(2) issued a certificate of appeability showing of denial of const. right. Slack v. McDaniel, 529 U.S. 473, 484 (2000), PCR counsel was ineffective in all areas and raise 31 issues for a smoke screen and failed to warn petitioner all non-jurisdiction issues is waived by a valid guilty plea.

(5) Pursuant to § 20-7-430. Transfers of jurisdiction by certain courts over juveniles. The subsection 20-7-430 uses term child in language of statue, a child is not responsible at the age of 15 and the law should be change to transfer a child over to general session court or hold a child from parents custody until suitable age to try the offense charge or matter. (A child thinks as a child and a adult thinks as a adult petitioner wasn't a adult and shouldn't hold responsibility criminally nor competancy[sic], not only do a person has to be competent to stand trial, they also got to be competent at time of said offense charged, here this wasn't tested.

(6) A petitioner can only plead to evidence a the tool-mark examiner couldn't possibly be understood by a person outside of tool-mark examinations.

When I fired cartridge casings, 2 fired bullets, or a machine gun had unfired bullets in clip.

Therefore there is no way petitioner plead guilty in fact guilty without a expert explaining he weapon/bullet reports in detail so a layman or unexperienced person in tool-mark examination can understand. The weapon and the odd bullet fired here supposedly by states theory rules petitioner out as murderer. Triggering the knowing and intelligently elements of

12

Boykin v. Alabama. All questions at allege plea wasn't validated by evidence nor proffered.

(7) Pursuant to SLED Lab: L08-10267 Items 17, 18 and 19 were microscopically compared with test bullets fired by item 21 matching individual striated marks were found an was concluded that the item 17, 18 and bullets were all fired by the item 21 revolver.

This examination report doesn't state the items match, just state's bullets fired by revolver. No revolver fired these bullets, noncredible or invalid firearm analyzation or test conducted on evidence allegedly or case.

Not only that the test bullets supposedly fired by item 21 weren't valid after supposedly being fired by Item 21 for entry into the SLED Integrated Ballistic Identification System (IBIS). There is no way possible the allege murder bullets were valid.

either after allege Item 21 fired supposedly the bullets items 17, 18, and 19 the firearms examiner stated the weapon had a slight defect, and no way that this victim allegedly got shot 3 times when the cylinder of allege weapon Item 21 had to be brought into correct alignment with the bore, Item 21 then fired correctly.

The examiner never stated was it possible to fire 3 shots out of this weapon Item 21 in a row. Investigate this should have been brought to the table.

Hereto there was multiple charges arising out of 1 act if the court drop 1 had to drop both charges proof 1 leads to proof of both and elements moreover there connected. 2009-GS-30-1862; 09-GS-30-1863.

(8)  In article 78 proceeding a court may determine:

1. Whether the body or officer failed to perform a duty enjoined upon it by law; or without or in excess of jurisdiction; or, whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion in "whether a determination made as a result of a hearing held, and at which evidence was taken" is on entire record, supported by substantial evidence.

13

(9) Here all above violated and lower courts proceeding(s) and trial. PCR court's didn't have this evidence and arguments and as the court can see after just speaking to a advance person in law these case are unique and rare to find petitioner request the court to review the writ and record there is more evidence, maybe a hearing or sketch can illustrate the truth of this matter and gather the true elements.

(10) The charges had separate elements of proof and multiple offense arising out of 1 act, meaning a court can't find guilty on 1 not on other or drop 1 not; guilty on 1 not on other be incorrect law.

[Doc. 1-1 (some internal citations omitted).] As stated, on April 30, 2014, Respondent filed a motion for summary judgment. [Doc. 19.] On May 14, 2014, Petitioner filed a response in opposition. [Doc. 22.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d

14

411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely

presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved

for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would

affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc*., 477

U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When

determining whether a genuine issue has been raised, the court must construe all

inferences and ambiguities against the movant and in favor of the non-moving party.

*United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating

to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the

non-moving party, to survive the motion for summary judgment, may not rest on the

allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must

demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this

standard, the existence of a mere scintilla of evidence in support of the non-movant's

position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at

15

252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,*

16

134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief

17

to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)  (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[4]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is

20

barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.

In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

22

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application

for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, --- U.S. ---, ---, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred. [Doc. 18.] Upon review, the Court agrees that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

Petitioner did not file a direct appeal following his sentence entered on June 22, 2010. Therefore, the state court judgment became final upon the expiration of the ten-day period in which he could have filed a direct appeal, which was July 2, 2010. *See* Rule 203(b)(2), SCACR. The statute of limitations for Petitioner's § 2254 Petition began to run on July 2, 2010. *See* 28 U.S.C. § 2244(d)(1)(A) ("the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner filed his PCR application on April 27, 2011 [App. 17–44], such that 299 days of the one-year limitations period had expired before Petitioner filed his PCR application. The one-year period in which to file a federal habeas petition is tolled during

24

the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2), and Respondent concedes the statute of limitations was tolled during the period the PCR application was pending—from April 27, 2011 until April 23, 2013, when the South Carolina Supreme Court issued remittitur in the appeal from the denial of Petitioner's PCR application [Doc. 18-10]. Therefore, the one-year limitations period began to run again on April 23, 2013 and expired 66 days later on June 28, 2013. As a result, the Petition—filed on December 16, 2013, over five months after the expiration of the limitations period—is time barred.

**Equitable Tolling**

In his Petition and response in opposition to the motion for summary judgment, Petitioner argues he was unaware of the one year statute of limitations [Doc. 1 at 6–7] and appears to argue that he did not discover his claim until December 13, 2013, when he found out that he could appeal a guilty plea [Doc. 1-1 at 2], and that § 2254 allows for tolling when there is a constitutional violation [Doc. 22 at 2]. For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving

> late filings where the claimant failed to exercise due diligence
> in preserving his legal rights. *Baldwin County Welcome Center
> v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L.
> Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted).   The

Fourth Circuit has underscored the very limited circumstances in cases subject to the

AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only

entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his

control or external to his own conduct, (3) that prevented him from filing on time."   *Rouse

v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).   Thus, rarely will circumstances

warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a
> statute of limitations must be guarded and infrequent, lest
> circumstances of individualized hardship supplant the rules of
> clearly drafted statutes. To apply equity generously would
> loose the rule of law to whims about the adequacy of excuses,
> divergent responses to claims of hardship, and subjective
> notions of fair accommodation. We believe, therefore, that any
> resort to equity must be reserved for those rare instances
> where—due to circumstances external to the party's own
> conduct—it would be unconscionable to enforce the limitation
> period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[5]   The Supreme Court has

suggested that equitable tolling is justified to relieve the operation of a limitations bar due

to egregious unprofessional attorney misconduct, such as abandoning the client; a last

minute change in representation beyond the client's control; failing to conduct essential

services of representation like communicating with the client and performing basic legal

research; and denying the client access to files and misleading the client.  *Holland*, 130 S.

Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held

that, in addition to demonstrating extraordinary circumstances prevented the petitioner from

timely filing, the petitioner must demonstrate he has been diligently pursuing his rights.  *Id.*

at 2562.

     Here, Petitioner has failed to demonstrate that extraordinary circumstances beyond

his control or external to his own conduct prevented him from filing his Petition within the

statute of limitations.  With respect to Petitioner's arguments that he was unaware of the

statute of limitations or that he could appeal a guilty plea, such ignorance of the law is

insufficient to justify equitable tolling.  As the Fourth Circuit Court of Appeals has held, in

---

        [5]Other courts of appeals have similarly expressed that equitable tolling of the
AEDPA statute of limitations is to be employed sparingly.  *See, e.g.*, *Merritt v. Blaine*, 326
F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation,
inadequate research, or other mistakes have not been found to rise to the "extraordinary"
circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d
948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant
equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's
erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the
failure to file [the petitioner's] habeas petition in the district court within the one-year
limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999)
(refusing to apply equitable tolling where late filing was caused by attorney's use of
ordinary mail to send petition from Atlanta to Miami less than a week before it was due);
*see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden
variety claims of excusable neglect." (citation omitted)).

the context of equitable tolling of the statute of limitations, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted); *see also Harris*, 209 F.3d at 330–31 (holding that unfamiliarity with the legal process, lack of representation, or illiteracy are not grounds for equitable tolling). Additionally, to the extent Petitioner argues that § 2254 overrides the statute of limitations by tolling it when there is a constitutional violation, under the extraordinary circumstances test, this Court should not consider the merits of the underlying claim. The Fourth Circuit Court of Appeals has rejected the use of an alternative test for equitable tolling that would consider a petitioner's underlying claims, stating that "[a]llowing consideration of the merits of the time-barred claims to creep into the equitable tolling analysis lets petitioners effectively circumvent the statute of limitations because the merits of their claims will always be considered." *Rouse*, 339 F.3d at 251 (4th Cir. 2003). Accordingly, Petitioner has not provided any grounds for equitably tolling the federal statute of limitations. Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

December 17, 2014
Greenville, South Carolina

28