IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Adrian Robinson, | ) | |
| | ) | C/A No. 8:13-3517-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    This matter is before the court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the Magistrate Judge's Report and Recommendation ("Report"), recommending that the Respondent's Motion for Summary Judgment (ECF No. 19) be granted, and the petition denied. (ECF No. 33). Petitioner timely filed objections to the Report. (ECF No. 35).

    The Magistrate Judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

    As set forth above, Petitioner timely filed objections to the Report. (ECF No. 35). However, the court has thoroughly reviewed the Report, Petitioner's objections, and the record in this case and finds no reason to deviate from the Report's recommended disposition. In his objections, Petitioner contends that his petition is not untimely because his attorney did not

inform him of the one-year statute of limitations for filing a habeas action. (Objections at 5). The magistrate judge thoroughly addressed the statute of limitations and equitable tolling. (Report at 27-28). As the magistrate judge found, Petitioner has not set forth any grounds which would entitle him to the equitable tolling of the statute of limitations. Furthermore, Petitioner's reliance on *Davis v. United States*, 411 U.S. 233 (1973), is misplaced, as the Supreme Court in *Davis* addressed a procedural bar and is inapplicable to the determination of timeliness under the AEDPA's one-year statute of limitations. Therefore, the court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report (ECF No. 33), and Respondent's Motion for Summary Judgment (ECF No. 19) is **GRANTED** and the Petition is **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 12, 2015